******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PROPERTY ASSET MANAGEMENT, INC.
*v.* CARMELA LAZARTE ET AL.
(AC 37729)

Keller, Prescott and Bear, Js.

*Argued December 9, 2015—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J.)

*Peter V. Lathouris*, with whom, on the brief, was
*Richard M. Breen*, for the appellant (named defendant).

*Robert J. Wichowski*, with whom, on the brief, was
*David F. Borrino*, for the appellee (substitute plaintiff).

*Opinion*

PRESCOTT, J. The defendant[1] Carmela Lazarte appeals from the trial court's denial of her postjudgment motion to dismiss the underlying foreclosure action. The defendant claims that the original plaintiff, Property Asset Management, Inc., lacked standing to initiate the action because it was not the owner of the debt or vested with the rights of an owner at the time that the action was initiated, and, therefore, the court lacked subject matter jurisdiction to render a judgment of strict foreclosure in favor of the substitute plaintiff, US Bank, National Association, as Trustee for the RMAC Trust, Series 2013-3T. The defendant claims on appeal that the court improperly (1) determined that she failed to produce evidence necessary to rebut the presumption that the original plaintiff had standing by virtue of its possession of the mortgage note, endorsed in blank, at the time that the action was filed and (2) failed to conduct an evidentiary hearing on the motion to dismiss. We affirm the judgment of the court.

The record reveals the following pertinent facts and procedural history. In January, 2007, the defendant executed a note in favor of GE Money Bank. To secure the note, she also executed a mortgage on real property located at 21 Cold Spring Road in Stamford in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for GE Money Bank.

On October 14, 2008, the original plaintiff initiated this action to foreclose the mortgage. It alleged that the note was in default because the defendant had failed to make any of the required monthly installment payments since July, 2007. According to the complaint, MERS had assigned the mortgage to WMC Mortgage Corporation on or before November 2, 2007, and WMC Mortgage Corporation later transferred the mortgage to the original plaintiff "by an assignment of mortgage to be recorded on the Stamford Land Records." The original plaintiff also alleged that it presently was the holder of the note and the mortgage.[2]

The defendant filed an answer to the complaint, admitting that she was the record owner and in possession of the subject property, but denying all other allegations of the complaint. She also asserted by way of special defenses that the original plaintiff (1) could not obtain a judgment against her on the basis of an unrecorded mortgage assignment, (2) had not properly declared an event of default, and (3) had incorrectly calculated the debt, which included a failure to properly credit all payments.

The original plaintiff filed a motion for a judgment of strict foreclosure on May 24, 2010. On September 24, 2010, the original plaintiff filed a motion for summary judgment as to liability only against the defendant. In the motion for summary judgment, the original plaintiff

addressed each of the defendant's special defenses, arguing that they were legally insufficient and, thus, should not bar the granting of the motion for summary judgment. With respect to the defense that the original plaintiff lacked standing to pursue foreclosure of the mortgage because a mortgage assignment to the original plaintiff had not been recorded at the time the foreclosure action was initiated, the original plaintiff asserted that it had standing to bring the foreclosure action irrespective of the mortgage assignment. According to the original plaintiff, because it was in possession of the original note, which was endorsed in blank, it was a holder of the note in due course and, thus, was a party with standing to foreclose the associated mortgage.[3] See General Statutes § 49-17;[4] *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 232, 32 A.3d 307 (2011) (holding that holder of note secured by mortgage has standing to bring foreclosure action against maker of note, even prior to assignment of mortgage to note holder), overruled in part on other grounds by *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013).

The court initially denied the motion for summary judgment, concluding that because the mortgage assignment from MERS to WMC Mortgage Corporation was undated, this created a genuine issue of material fact that precluded the granting of the motion for summary judgment. The original plaintiff filed a motion to reargue in which it asserted that the undated assignment of the mortgage had no bearing on the defendant's liability on the note and mortgage. The court granted the motion and set a reargument date. No further action was taken on the motion for summary judgment, however, because the defendant was defaulted on December 17, 2012, after a hearing, for failing to comply with court-ordered discovery.

On January 4, 2013, the original plaintiff assigned the mortgage to the substitute plaintiff, and, on June 25, 2013, the court granted the original plaintiff's motion to substitute party plaintiff.

The court rendered judgment of strict foreclosure on November 12, 2013, in favor of the substitute plaintiff, setting law days to commence on January 7, 2014. The defendant did not appeal from the foreclosure judgment. On January 6, 2014, the defendant filed a chapter 13 bankruptcy petition, which stayed the running of the law days. The Bankruptcy Court later dismissed the defendant's petition without prejudice, and the substitute plaintiff moved to open the foreclosure judgment in order to update the debt, to obtain an additional award of attorney's fees, and to set new law days. The court granted the motion and set new law days to commence on September 9, 2014. The defendant, on September 8, 2014, again filed a petition seeking bankruptcy protection. That petition was dismissed on October

31, 2014.

On February 10, 2015, the substitute plaintiff filed a motion to open the foreclosure judgment, again asking the court to update the debt, to award additional attorney's fees, and to set new law days. The motion to open was scheduled for argument on February 23, 2015. On the day of the hearing, the defendant filed a motion to dismiss the foreclosure action for lack of subject matter jurisdiction. The defendant argued that, at the time that the action was initiated, the original plaintiff was not the owner of the debt "nor was it vested with the status that would allow it to foreclose." The defendant also indicated in her motion that the pleadings and the judicial record provided an adequate basis on which the court could decide the motion to dismiss and that an evidentiary hearing, therefore, was unnecessary.

At the hearing on the substitute plaintiff's motion to open the foreclosure judgment, the court also heard argument on the motion to dismiss. The gravamen of the defendant's argument was that the assignment of the mortgage from WMC Mortgage Corporation to the original plaintiff was not executed until January 21, 2009, which was after the foreclosure action was initiated. The defendant pointed out language in the assignment indicating that the mortgage was assigned "[t]ogether with the mortgage note secured thereby." According to the defendant, this language was proof that the original plaintiff did not acquire any legal interest in the note until 2009 and, thus, lacked standing to initiate the foreclosure action in 2008.

The substitute plaintiff responded that this same issue had been litigated as part of the motion for summary judgment. It maintained that the exhibits and affidavits submitted in support of summary judgment established that the original plaintiff had standing to initiate the action because the original plaintiff was in possession of the note at the time that the action was filed.

The court agreed with the substitute plaintiff and reasoned that the defendant's reliance on the mortgage assignments was irrelevant in determining standing in the present case. The court noted that there was a rebuttable presumption that a party in possession of a note endorsed in blank has standing to initiate foreclosure proceedings on the mortgage securing that note. The court rejected the defendant's argument that the 2009 assignment cast sufficient doubt about whether the original plaintiff was in possession of the note at the time it initiated the action to warrant any further opportunity to explore the issue. The court found, on the basis of its review of the record, that the note at issue was endorsed in blank, that the original plaintiff had been "in possession of it since prior to the commencement of the action," and that the defendant had not presented any evidence to rebut that fact. The court

denied the motion to dismiss, granted the substitute plaintiff's motion to open the foreclosure judgment, and reset the law days. This appeal followed.

I

The defendant first argues that the court improperly denied her motion to dismiss on the basis of its finding that she had failed to counter the rebuttable presumption that the original plaintiff had standing to initiate this action. We disagree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . In addition, because standing implicates the court's subject matter jurisdiction, the issue of standing is not subject to waiver and may be raised at any time." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Strong*, 149 Conn. App. 384, 397–98, 89 A.3d 392, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014).[5]

Because lack of standing implicates the trial court's subject matter jurisdiction, it is properly raised by way of a motion to dismiss. See *May* v. *Coffey*, 291 Conn. 106, 113, 967 A.2d 495 (2009). "Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [If] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *JPMorgan Chase Bank National Assn.* v. *Simoulidis*, 161 Conn. App. 133, 135–36, 126 A.3d 1098 (2015), cert. denied, 320 Conn. 913, A.3d (2016).

"Generally, in order to have standing to bring a foreclosure action the plaintiff must, *at the time the action is commenced*, be entitled to enforce the promissory note that is secured by the property. . . . Whether a party is entitled to enforce a promissory note is determined by the provisions of the Uniform Commercial Code, as codified in General Statutes § 42a-1-101 et seq. . . . Under [the Uniform Commercial Code], only a holder of an instrument or someone who has the rights of a holder is entitled to enforce the instrument. . . .

"The plaintiff's possession of a note endorsed in blank

is prima facie evidence that it is a holder and is entitled to enforce the note, thereby conferring standing to commence a foreclosure action. . . . After the plaintiff has presented this prima facie evidence, the burden is on the defendant to impeach the validity of [the] evidence that [the plaintiff] possessed the note at the time that it commenced the . . . action or to rebut the presumption that [the plaintiff] owns the underlying debt . . . . The defendant [must] . . . prove the facts which limit or change the plaintiff's rights." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bliss*, 159 Conn. App. 483, 488–89, 124 A.3d 890, cert. denied, 320 Conn. 903, 127 A.3d 186 (2015).

In the present case, the court denied the defendant's motion to dismiss, concluding that the original plaintiff, as a holder of the note, had standing to initiate the foreclosure action. The court's decision was based on its findings that the original plaintiff had been in possession of the note at the time that the action was commenced and that the note was endorsed in blank. The fact that the note was endorsed in blank is not challenged by the defendant. Further, although the court did not state the basis for its finding that the original plaintiff was in possession of the note when it initiated the foreclosure action, that finding is supported by the record, namely, the affidavit submitted with the motion for summary judgment indicating that the note was delivered to the original plaintiff on or before October 6, 2008. The defendant presented no evidence that the original plaintiff transferred or lost possession of the note prior to commencing the foreclosure action on October 14, 2008.

The court also properly rejected the defendant's argument that the 2009 mortgage assignment, which contained language purporting to assign the mortgage "together with the mortgage note," constituted evidence that the note was not in the original plaintiff's possession at the time it initiated the action, thus implicating standing. The mortgage assignment does not directly speak to when the original plaintiff came to have physical possession of the note. This court, in *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 50, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013), rejected a nearly identical standing argument, holding that if a foreclosure plaintiff's standing rests upon its possession of a note endorsed in blank, "any discrepancy in the language of the assignment as to whether the assignment pertains to both the mortgage and the note is not legally pertinent to the plaintiff's right to bring [the foreclosure] action . . . ." Because the defendant presented the court with nothing to rebut the evidence in the record that the original plaintiff possessed the mortgage note endorsed in blank at the time that it commenced this action, and thus that it had standing, we conclude that the court properly

denied the motion to dismiss.

## II

The defendant also claims that the trial court improperly failed to conduct an evidentiary hearing on the motion to dismiss. We disagree.

"Due process does not mandate full evidentiary hearings on all matters, and not all situations calling for procedural safeguards call for the same kind of procedure. . . . So long as the procedure afforded adequately protects the individual interests at stake, there is no reason to impose substantially greater burdens . . . under the guise of due process." (Internal quotation marks omitted.) Id. "[If] a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009). Thus, our Supreme Court has noted that in those instances in which standing is raised in the context of a foreclosure action and "there is a genuine dispute as to jurisdictional facts and an evidentiary hearing is necessary to resolve that dispute, such a hearing ordinarily will be required." *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 136 n.12, 74 A.3d 1225 (2013).

We note at the outset that the defendant expressly stated in her motion to dismiss that no evidentiary hearing was necessary and that the court could decide the motion to dismiss on the basis of its review of the pleadings and the record. It was not until it became clear during argument that the court was not going to rule in her favor that the defendant suggested for the first time that she had raised sufficient doubts to warrant an evidentiary hearing. Doubt, however, is not the standard to be applied.

A court is required to hold an evidentiary hearing before adjudicating a motion to dismiss only if there is a genuine dispute as to some pertinent jurisdictional fact. Id. In the present case, there was no jurisdictional fact in dispute necessary to determine whether the original plaintiff had standing to bring the present action. The record before the court revealed that the original plaintiff was in possession of the note, endorsed in blank, at the time it commenced the action, and, thus, there was a rebuttable presumption of standing. Because the defendant failed to demonstrate the existence of any relevant jurisdictional fact that was in dispute, the court was not required to hold an evidentiary hearing before ruling on the defendant's motion to dismiss.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Mortgage Electronic Registration Systems, Inc., was named in the complaint as an additional party defendant by virtue of its interest in a second

mortgage, but it never filed an appearance in the trial court and is not a participant in this appeal. Accordingly, we refer to Carmella Lazarte throughout this opinion as the defendant.

[2] We note that the assignment from MERS to WMC Mortgage Corporation is undated, but was recorded on November 2, 2007, and the assignment from WMC Mortgage Corporation to the original plaintiff was not executed until January 21, 2009, several months after the original plaintiff initiated this action.

[3] The original plaintiff never expressly asserted in its motion for summary judgment that it was in possession of the note *at the time the action was initiated.* See *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013). In support of its motion for summary judgment, however, the original plaintiff relied, inter alia, on a sworn affidavit from a loan servicing officer, who averred that the original note, endorsed in blank, was delivered to the original plaintiff on or before October 6, 2008, eight days prior to the initiation of the present foreclosure action. We note that the defendant submitted no evidence countering that affidavit.

[4] "General Statutes § 49-17 . . . provides an avenue for the holder of the note to foreclose on the property when the mortgage has not been assigned to him." (Internal quotation marks omitted.) *Fleet National Bank* v. *Nazareth*, 75 Conn. App. 791, 795, 818 A.2d 69 (2003). "When any mortgage is foreclosed by the person entitled to receive the money secured thereby but to whom the legal title to the mortgaged premises has never been conveyed, the title to such premises shall, upon the expiration of the time limited for redemption and on failure of redemption, vest in him in the same manner and to the same extent as such title would have vested in the mortgagee if he had foreclosed, provided the person so foreclosing shall forthwith cause the decree of foreclosure to be recorded in the land records in the town in which the land lies." General Statutes § 49-17.

[5] In its appellate brief, the substitute plaintiff argues that the defendant waived her claim that the original plaintiff lacked standing by failing to object to the motion to substitute and that "strong public policy considerations" militate against this court entertaining the defendant's claim because she raised it at such a late stage in the proceedings. As we have indicated, however, a party may raise a lack of subject matter jurisdiction at any time, and subject matter jurisdiction cannot be conferred on the court by waiver or consent of the parties. See *Manning* v. *Feltman*, 149 Conn. App. 224, 236, 91 A.3d 466 (2014). The defendant's claim that the original plaintiff lacked standing implicates subject matter jurisdiction and, therefore, is not waivable and is properly before this court.

In addition to raising the waiver argument, the substitute plaintiff also contends that any defect regarding standing was "cured" by the court's granting of the motion to substitute, and, therefore, the defendant's claim is moot. An appellate issue is moot, however, only if this court cannot grant any possible relief to the appealing party *even if the court is persuaded that the appellant's arguments are correct.* See *Wallingford Center Associates* v. *Board of Tax Review*, 68 Conn. App. 803, 807, 793 A.2d 260 (2002). In the present case, if we were persuaded that the original plaintiff lacked standing to bring the action and disagreed that the later substitution cured that defect, we could afford the defendant practical relief by reversing the trial court's decision denying the motion to dismiss and remanding the matter back to the trial court with direction to render a judgment of dismissal. Further, if we agree that the trial court improperly denied the motion to dismiss without a hearing, we could grant relief by reversing and remanding for a full evidentiary hearing on the motion. Because some practical relief may be afforded to the defendant *if she were to prevail*, the defendant's appeal is not moot.