******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY,
TRUSTEE *v.* CARLOS A. PARDO ET AL.
(AC 38127)

Beach, Mullins and Lavery, Js.*

*Argued October 26, 2016—officially released February 14, 2017*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J.)

*Peter V. Lathouris*, for the appellant (named
defendant).

*Elizabeth T. Timkovich*, with whom, on the brief,
was *Pierre-Yves Kolakowski*, for the appellee
(plaintiff).

*Opinion*

LAVERY, J. The defendant Carlos A. Pardo appeals from the denial of his motion to dismiss and motion to open the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Deutsche Bank National Trust Company, as Trustee under the Pooling Servicing Agreement relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-3.[1] He claims that the court improperly (1) denied his motion to dismiss for lack of subject matter jurisdiction, and (2) dismissed, pursuant to General Statutes § 49-15,[2] his motion to open the judgment of strict foreclosure as moot.[3] We conclude that neither of these claims are persuasive and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are pertinent to this appeal. The plaintiff commenced this action for strict foreclosure against the defendant on April 29, 2014. The plaintiff alleged the following facts in its complaint. On April 9, 2007, the defendant executed a promissory note in favor of IMPAC Funding Corporation d/b/a IMPAC Lending Group (IMPAC) in exchange for a loan in the amount of $627,500, which was secured by a mortgage on the defendant's real property located at 123 Jeanne Court in Stamford (property). The mortgage, originally executed in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for IMPAC, was assigned to the plaintiff on August 30, 2012, by virtue of an assignment of mortgage agreement. The plaintiff is "the holder of [the] note and mortgage." The defendant executed loan modification agreements on May 4, 2010, and October 3, 2012, increasing the unpaid principal balance due under the note. The defendant has defaulted on the note, and the plaintiff has elected to declare the unpaid balance under the note to be due in full and to foreclose the mortgage securing the note. Copies of the note, mortgage, and assignment of mortgage, which named the plaintiff as the assignee, were appended to the complaint as exhibits.

On August 8, 2014, the court granted the plaintiff's motion for entry of default against the defendant for failure to appear. On September 3, 2014, the plaintiff filed a motion for a judgment of strict foreclosure. On December 8, 2014, following a hearing, the court granted the plaintiff's motion, rendered a judgment of strict foreclosure, and set January 20, 2015, as the law day. Thereafter, the court granted the plaintiff's motion to open the judgment of strict foreclosure, reset the date of judgment to February 2, 2015, and extended the law day to May 19, 2015.

On May 12, 2015, the defendant filed a motion to open the judgment of strict foreclosure, asserting that the plaintiff lacked standing to commence the action, along with a motion to dismiss for lack of subject matter

jurisdiction. In support of his motion to dismiss, the defendant argued that the plaintiff was not a " 'holder' " of the note, and thus lacked standing to foreclose the mortgage, because the note was not a "negotiable instrument" within the meaning of General Statutes § 42a-3-104.[4] Specifically, the defendant argued that the note ceased to be an unconditional promise or order to pay under General Statutes § 42a-3-106 (a)[5] because, as pleaded in the complaint, the terms of the note were modified by loan modification agreements executed on May 4, 2010, and October 3, 2012. The loan modifications, the defendant maintained, made the promises and obligations set forth in the original note "subject to or governed by" other writings and, consequently, rendered the original note "conditional" under § 42a-3-106 (a) (ii) and (iii). The defendant did not request a hearing on his motion to open or motion to dismiss prior to the May 19, 2015 law day.

Following a hearing on the defendant's motion to open, held on May 26, 2015, the court ordered the parties to submit briefs, and scheduled the motion for further argument at the June 16, 2015 short calendar. At the short calendar, the defendant contended that, notwithstanding § 49-15, which precludes trial courts from opening judgments of strict foreclosure after title to the mortgaged property vests following the running of the law days,[6] the court retained authority to open the judgment because he filed a motion to dismiss challenging the court's subject matter jurisdiction on May 12, 2015, which, he asserted, tolled the running of the May 19, 2015 law day. The court disagreed and, pursuant to § 49-15, dismissed the defendant's motion to open as moot. The court then scheduled the motion to dismiss for argument on a later date and ordered the plaintiff not to transfer title to the property until after the motion was heard.

At a hearing held on June 22, 2015, the court denied the defendant's motion to dismiss. The court noted that, at the time it rendered the judgment of strict foreclosure, it had found that the foreclosure documents were in order and that the plaintiff was the holder of the note. The court further found that the note remained a negotiable instrument regardless of the modification agreements and that the plaintiff had standing to foreclose the mortgage.[7] This appeal followed.

I

The defendant first claims that the court improperly denied his motion to dismiss on the basis of its finding that the plaintiff was a holder of the note with standing to commence this action. Specifically, the defendant argues that the plaintiff was not a holder of the note because the note was not a "negotiable instrument" under § 42a-3-104 (a).[8] We disagree.

"Standing is the legal right to set judicial machinery

in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . In addition, because standing implicates the court's subject matter jurisdiction, the issue of standing is not subject to waiver and may be raised at any time." (Internal quotation marks omitted.) *Property Asset Management, Inc.* v. *Lazarte*, 163 Conn. App. 737, 745, 138 A.3d 290 (2016). We will not disturb the court's subordinate factual findings unless they are clearly erroneous, but "our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *JPMorgan Chase Bank National Assn.* v. *Simoulidis*, 161 Conn. App. 133, 135–36, 126 A.3d 1098 (2015), cert. denied, 320 Conn. 913, 130 A.3d 266 (2016).

"Generally, in order to have standing to bring a foreclosure action the plaintiff must, at the time the action is commenced, be entitled to enforce the promissory note that is secured by the property. . . . Whether a party is entitled to enforce a promissory note is determined by the provisions of the Uniform Commercial Code, as codified in General Statutes § 42a-1-101 et seq. . . . Under [the Uniform Commercial Code], only a holder of an instrument or someone who has the rights of a holder is entitled to enforce the instrument . . . .

"The plaintiff's possession of a note endorsed in blank is prima facie evidence that it is a holder and is entitled to enforce the note, thereby conferring standing to commence a foreclosure action. . . . After the plaintiff has presented this prima facie evidence, the burden is on the defendant to impeach the validity of [the] evidence that [the plaintiff] possessed the note at the time that it commenced the . . . action or to rebut the presumption that [the plaintiff] owns the underlying debt . . . . The defendant [must] . . . prove the facts which limit or change the plaintiff's rights." (Emphasis omitted; internal quotation marks omitted.) *Property Asset Management, Inc.* v. *Lazarte*, supra, 163 Conn. App. 746–47.

In the present case, we note at the outset that the plaintiff presented prima facie evidence that it is a holder of the note with standing to commence this foreclosure action. In its complaint, the plaintiff alleged that the defendant executed a mortgage on his property in favor of MERS to secure the underlying note, that MERS assigned the note and mortgage to the plaintiff on August 30, 2012, and that the plaintiff "is the holder of [the] note and mortgage." By alleging that it was

the holder of the note and mortgage, the plaintiff also alleged, by implication, that it held the note and mortgage at the time the action was commenced. See *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 174, 73 A.3d 742 (2013). Additionally, the plaintiff submitted the note, mortgage, and assignment, which names the plaintiff as assignee of the note and mortgage, as attachments to its complaint. Given those pleadings, the burden shifted to the defendant to "prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) *Property Asset Management, Inc.* v. *Lazarte*, supra, 163 Conn. App. 747. The defendant failed to answer the complaint or otherwise appear in this action, and the court, on December 8, 2014, granted the plaintiff's motion for a judgment of strict foreclosure. In denying the defendant's motion to dismiss, which was filed after judgment was rendered, the court found that the foreclosure documents were in order and that the plaintiff was a holder of the note with standing to foreclose the mortgage.

The defendant's sole argument on appeal, which the trial court rejected, is a legal one—namely, that the plaintiff cannot be a holder of the note because the note is not a "negotiable instrument" as defined in the Uniform Commercial Code. See *Florian* v. *Lenge*, 91 Conn. App. 268, 276, 880 A.2d 985 (2005) (question of whether promissory note meets definition of negotiable instrument is question of law subject to plenary review). General Statutes § 42a-1-201 (21) defines "holder" to mean, inter alia, "[t]he person in possession of a *negotiable instrument* that is payable either to bearer or to an identified person that is the person in possession . . . ." (Emphasis added.) The note is not a negotiable instrument, the defendant contends, because it was modified by two subsequent loan modification agreements that increased the balance due under the note. The defendant's theory is that, as a result of the modification agreements, the note ceased to be "an unconditional promise or order to pay a fixed amount of money," as is required for a writing to qualify as a negotiable instrument; General Statutes § 42a-3-104 (a); because its terms became subject to other writings. In support of this novel proposition, the defendant cites only to § 42a-3-106 (a), which provides in relevant part that "for the purposes of section 42a-3-104 (a), a promise or order is unconditional unless it states . . . (ii) that the promise or order is subject to or governed by another writing, or (iii) that rights or obligations with respect to the promise or order are stated in another writing. . . ."

We reject the contention that the note at issue in the present case was rendered "conditional" under § 42a-3-106 (a) (ii) or (iii) by the defendant's subsequent execution of the two loan modification agreements that increased the balance due under the note. The prefatory language in § 42a-3-106 (a)—"a promise or order is

unconditional unless it states"—plainly indicates that in order for subsections (ii) or (iii) to apply, the promise or order to pay must *itself* contain the reference to the other writing. That is, an unconditional promise or order to pay is not rendered conditional by a modification agreement that is not referenced in the original note.[9] Here, because the note does not state that its terms are subject to any other writing, it is a negotiable instrument subject to the Uniform Commercial Code regardless of the two loan modification agreements. For that reason, the defendant has failed to rebut the evidence in the record demonstrating that the plaintiff was the holder of the note with standing to institute this action. Accordingly, the court properly denied the defendant's motion to dismiss for lack of subject matter jurisdiction.

## II

The defendant next claims that the court improperly dismissed his motion to open the judgment of strict foreclosure as moot. We are not persuaded.

"Our determination of whether there is any practical relief that can be afforded the defendant depends on whether the trial court had the authority to grant the defendant's motion to open and, therefore, requires us to interpret the statutory provision governing the opening of strict foreclosure judgments. Statutory construction, in turn, presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *First National Bank of Chicago* v. *Luecken*, 66 Conn. App. 606, 610–11, 785 A.2d 1148 (2001), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002).

The opening of judgments of strict foreclosure is governed by § 49-15, which provides in relevant part: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified . . . *provided no such judgment shall be opened after the title has become absolute in any encumbrancer* . . . ." (Emphasis added.)

"[W]hen a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the [lienor] . . . . The [property owner] has no remaining title or interest . . . ." (Internal quotation marks omitted.) *Handsome, Inc.* v. *Planning & Zoning Commission*, 317 Conn. 515, 528, 119 A.3d 541 (2015). Thus, once the law day passes and title vests in the lienor, "no practical relief is available [p]rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . . A natural corollary of this principle is that a judgment of strict foreclosure may be opened only upon a finding that the court lacked jurisdiction over either

the person or the case at the time the judgment of strict foreclosure was entered. Anything less would appear to be in direct contravention of the strictures of § 49-15 (a) and our subsequent case law." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Highgate Condominium Assn., Inc.* v. *Miller*, 129 Conn. App. 429, 435, 21 A.3d 853 (2011).

Here, the court rendered the judgment of strict foreclosure on February 2, 2015, and set May 19, 2015, as the law day. The defendant filed his motion to open the judgment on May 12, 2015. Critically, however, the motion was not heard until May 26, 2015, after the law day had passed. "A critical factor to be recognized in connection with a motion to reopen a judgment of strict foreclosure is that the motion must be heard, and not merely filed, prior to the vesting of title." (Internal quotation marks omitted.) *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 349, 579 A.2d 1054 (1990); see also *First National Bank of Chicago* v. *Luecken*, supra, 66 Conn. App. 611–12. The record does not reveal any attempt by the defendant to schedule a hearing on the motion prior to the running of the law day. Therefore, by the time the court heard argument on May 26, 2015, title to the property had vested in the plaintiff and the defendant could not have been affording any practical relief.[10] The court properly denied the defendant's motion to open as moot.

The defendant, citing no pertinent authority, contends that title to the property never vested in the plaintiff because he filed a motion to dismiss challenging the court's subject matter jurisdiction on May 12, 2015, which, he argues, triggered an automatic stay that tolled the running of the law days. We disagree. Although this court has recognized that "*a finding* that the court lacked jurisdiction over either the person or the case" provides a basis for opening a judgment of strict foreclosure after the vesting of title; (emphasis added) *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 129 Conn. App. 435; we have not found any basis in the law for the proposition that a mere *challenge* to jurisdiction tolls the running of the law days.[11] Indeed, as this court has recognized, § 49-15 "was intended to give the court flexibility to accommodate the defendant's changed circumstances subsequent to the original judgment. Nonetheless, it also recognizes the rights of the plaintiff and the need for an orderly foreclosure procedure that necessarily must, at some point, conclude." *First National Bank of Chicago* v. *Luecken*, supra, 66 Conn. App. 614; see also *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 260, 708 A.2d 1378 (1998) (emphasizing "duty of the [trial] court [in applying § 49-15] to do justice to protect the rights of *all* the interested parties" [emphasis added]). The defendant's approach, which would require trial courts to toll the running of the law days upon the mere filing of a motion to dismiss, would produce unnecessary delay and interrupt the orderly

disposition of foreclosure proceedings. Accordingly, we decline to adopt it.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The defendant Ford Motor Credit Company, LLC, named in the complaint as a subsequent encumbrancer with respect to the subject property, is not a party to this appeal. Accordingly, in this opinion we refer to Carols A. Pardo as the defendant.

[2] General Statutes § 49-15 (a) (1) provides in relevant part: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified . . . *provided no such judgment shall be opened after the title has become absolute in any encumbrancer* . . . ." (Emphasis added.)

[3] In his main brief to this court, the defendant also claims that the filing of his motion to dismiss for lack of subject matter jurisdiction tolled the running of the law days, and, therefore, that title to the foreclosed property never vested in the plaintiff. Because the defendant advances this argument as support for his claim that the court improperly dismissed his motion to open the judgment of strict foreclosure, rather than as a separate ground for relief, we address it in part II of this opinion rather than as a distinct claim.

[4] General Statutes § 42a-3-104 (a) provides in relevant part that, in order to qualify as a " 'negotiable instrument,' " the instrument must, inter alia, constitute "an unconditional promise or order to pay a fixed amount of money . . . ."

[5] General Statutes § 42a-3-106 (a) provides: "Except as provided in this section, for the purposes of section 42a-3-104 (a), a promise or order is unconditional unless it states (i) an express condition to payment, (ii) that the promise or order is subject to or governed by another writing, or (iii) that rights or obligations with respect to the promise or order are stated in another writing. A reference to another writing does not of itself make the promise or order conditional."

[6] See footnote 2 of this opinion.

[7] The court stated that it "is going to find [that] the court reviewed the documents. The court found that all the documents were in order. It was modified pursuant to the [Uniform Commercial Code] that allows for modification and [the court] denies the motion. The court finds it has subject matter jurisdiction and denies the motion to dismiss."

[8] In addition to arguing that the defendant's contention regarding the negotiability of the note is incorrect, the plaintiff maintains that it would have had standing to foreclose the mortgage even if the note were not a negotiable instrument. Because we conclude that the note was a negotiable instrument, we need not address this alternative argument.

[9] The official comments to § 3-106 (a) of the Uniform Commercial Code bear out this interpretation. Comment 1 provides in relevant part that "[f]or example, a promissory note is not an instrument defined by Section 3-104 if it contains any of the following statements: 1. 'This note is subject to a contract of sale dated April 1, 1990 between the payee and maker of this note.' 2. 'This note is subject to a loan and security agreement dated April 1, 1990 between the payee and maker of this note.' 3. 'Rights and obligations of the parties with respect to this note are stated in an agreement dated April 1, 1990 between the payee and maker of this note.' . . . The rationale is that the holder of a negotiable instrument should not be required to examine another document to determine rights with respect to payment." The American Law Institute, Uniform Commercial Code (2014) § 3-106, comment 1, p. 297; see *W & D Acquisition, LLC* v. *First Union National Bank*, 262 Conn. 704, 712–13, 817 A.2d 91 (2003) (official commentary of Uniform Commercial Code relevant to interpretation of state statute). Each of those examples presents a situation in which the reference to the collateral document is contained within the promissory note itself.

[10] Furthermore, contrary to the defendant's argument on appeal, "this vesting [of title in the plaintiff] has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . ." (Emphasis omitted; internal quotation marks omitted.) *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 129 Conn. App. 435. The defendant has not challenged the court's personal jurisdiction over him and, as explained in part I of this opinion,

the court had subject matter jurisdiction to hear this action.

[11] The defendant makes a vague attempt to compare the filing of a motion to dismiss to the filing of an appeal, which triggers an automatic stay. First, our rules of practice specifically provide that "proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired"; Practice Book § 61-11 (a); whereas there is no such rule of practice for the filing of a motion to dismiss. Moreover, the automatic tolling of the law days is necessary in the context of filing an appeal because otherwise defendants would be deprived of their rights to file a timely appeal and to redeem. See *Continental Capital Corp.* v. *Lazarte*, 57 Conn. App. 271, 274, 749 A.2d 646 (2000) (noting that setting law day within twenty-day appeal period is improper because "[a] party may not effectively be deprived of the right to appeal within the twenty days by having the law day pass within that time, thereby causing a loss of the right of redemption"). By contrast, the imposition of an automatic stay for the filing of a motion to dismiss does not serve any similar procedural safeguards. Indeed, our case law specifically provides a remedy for defendants who prevail in jurisdictional challenges that are instituted after the passing of the law days. See *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 129 Conn. App. 435.

---