******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK, NATIONAL ASSOCIATION, TRUSTEE *v.*
MOSES NELSON ET AL.
(AC 38638)

DiPentima, C. J., and Sheldon and Blue, Js.

*Argued March 21—officially released May 9, 2017*

(Appeal from Superior Court, judicial district of
Fairfield, Hon. Alfred J. Jennings, Jr., judge trial referee
[judgment of strict foreclosure; motion to open]; Hon.
Richard P. Gilardi, judge trial referee [motion to
dismiss].)

*Moses Nelson*, self-represented, the appellant
(named defendant).

*David M. Bizar*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant Moses Nelson[1] appeals from the denial of his motion to dismiss the underlying strict foreclosure judgment rendered by the trial court in favor of the plaintiff, U.S. Bank, National Association, as Trustee for Bank of America Funding Corporation 2007-1. On appeal, the defendant makes a variety of claims challenging the court's rulings on his motion to open the judgment of strict foreclosure and motion to dismiss the underlying strict foreclosure action.

After reviewing and considering the record in this case, the briefs and the arguments of the parties on appeal, we conclude that the court properly denied the defendant's motion to open because once the law day passed the title of the property vested in the plaintiff and not the defendant.[2] See *Deutsche Bank National Trust Co.* v. *Pardo*, 170 Conn. App. 642, 652, A.3d (2017) ("[a] critical factor to be recognized in connection with a motion to reopen a judgment of strict foreclosure is that the motion must be heard, and not merely filed, prior to the vesting of title" [internal quotation marks omitted]). We also conclude that the defendant's challenge to the court's denial of his motion to dismiss based on the plaintiff's standing lacks merit.

The judgment is affirmed.

[1] PNC Bank, National Association, was also named as a defendant but is not involved in this appeal. Our references to the defendant are to Nelson.

[2] To the extent that the defendant has challenged the authority of the plaintiff to transact business in Connecticut, we note that his answer to the complaint did not raise that issue as required under Practice Book § 10-46.