WELLS FARGO BANK OF MINNESOTA, N.A., TRUSTEE *v.* HERBERT C. MORGAN ET AL. (AC 26707)

Flynn, C. J., and McLachlan and Pellegrino, Js.

Argued April 27—officially released October 17, 2006

*Brian E. Lambeck,* for the appellant (named defendant).

*Martha Croog,* for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendant Herbert C. Morgan,[1] following a judgment of foreclosure by sale, appeals from the judgment denying his motion to open and set aside the orders of the trial court accepting the report of the committee of sale,[2] approving the sale and deed, and granting the committee's motion for judgment of

---

[1] Several subsequent encumbrancers also were named as defendants in this action, but they are not parties to this appeal. We therefore refer in this opinion to Morgan as the defendant.

[2] "A committee of sale functions as an arm of the court in a judicial sale. The committee conducting a sale is an agent or representative of the court." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Burgos,* 227 Conn. 116, 123, 629 A.2d 410 (1993).

possession, and the subsequent execution of ejectment issued by the court. The defendant claims that the court improperly (1) concluded that his equity of redemption terminated at the time of confirmation of the foreclosure sale and (2) issued an execution of ejectment in violation of the appellate stay. We conclude that the court improperly denied the defendant's motion to open and improperly issued the execution of ejectment while the proceedings were stayed. Accordingly, we reverse the judgment of the trial court.

On November 3, 2004, the plaintiff, Wells Fargo Bank of Minnesota, N.A., Trustee, commenced this mortgage foreclosure action against the defendant on the subject property located in Danbury. On December 17, 2004, the defendant, among others, was defaulted for failing to appear in a timely manner. On January 10, 2005, the court issued an order rendering a judgment of foreclosure by sale. At that time, the court found the fair market value of the subject property to be $255,000 and the total debt to be $128,291.16. The court set a sale date of March 5, 2005, ordered the appointment of a committee to make the sale, and issued further orders in accordance with General Statutes § 49-25.[3]

On March 5, 2005, the committee held an auction to sell the subject property. Upon conclusion of the auction, the committee executed a bond for deed with the successful bidder and collected the deposit requirement from this purchaser in the form of a bank check in the amount of $25,500. The committee then deposited the bank check with the Danbury Superior Court.

---

[3] General Statutes § 49-25 provides in relevant part: "When the court in any such proceeding is of the opinion that a foreclosure by sale should be decreed, it shall, in its decree, appoint a person to make the sale and fix a day therefor, and shall direct whether the property shall be sold as a whole or in parcels, and how the sale shall be made and advertised; but, in all cases in which such sale is ordered, the court shall appoint one disinterested appraiser who shall, under oath, appraise the property to be sold and make return of the appraisal to the clerk of the court. . . ."

On March 7, 2005, the committee filed a motion seeking, inter alia, the court's approval of the sale. On March 28, 2005, the defendant entered a pro se appearance. On April 11, 2005, the parties came before the court for a hearing on the committee's motion to approve the sale. At that time, the defendant indicated that he had obtained a refinancing commitment that was conditioned on his making certain improvements to the subject property. The defendant represented to the court that he would be able to refinance his property before May 9, 2005, to pay off the mortgage debt and requested a continuance. On the basis of these representations, the court granted the defendant's request and continued the matter to May 9, 2005.

The defendant failed to appear for the scheduled hearing on May 9, 2005. The court entered an order that, inter alia, approved the committee sale. The court also entered an order requiring the defendant to vacate the subject property on or before the date set by the committee for the closing of title and to deliver title to the purchaser at that time.

On May 31, 2005, counsel for the defendant entered his appearance and filed a motion to open the judgment and set aside the orders of May 9, 2005, which the defendant believed had been granted prematurely. The motion claimed that the defendant was not served a copy of the complaint and that he was mentally and physically debilitated.[4] The motion also claimed that at the April 11, 2005 hearing, the court advised the defendant that it would give him thirty days to complete the work necessary to satisfy the conditions required to obtain a refinancing commitment and that he understood this to mean that he would be given a full thirty

---

[4] Specifically, the motion claimed that the defendant suffered from severe depression in the aftermath of his wife's death and that he subsequently contracted Lyme disease.

days to fulfill this obligation. The motion further claimed that the defendant did not receive notice of the May 9, 2005 hearing, which occurred several days prior to the thirty day extension period that he claimed had been granted to him by the court.

On June 3, 2005, prior to any court action on the defendant's motion to open, the committee conducted a closing on the subject property.[5] The committee received the balance of $214,500 from the purchaser and deposited this amount with the court. Presumably, the committee transferred the deed to the subject property to the purchaser, and the deed was recorded on the land records of the city of Danbury.

On June 14, 2005, the parties appeared for a hearing on the defendant's motion to open and set aside the orders of May 9. At the hearing, the defendant reiterated his contention that he was confused about the date that he needed to return to court. Although the defendant indicated that he had made progress, he conceded that he still had not satisfied the conditions required to obtain a refinancing commitment and offered no additional evidence to support his claim that he would be able to obtain such a commitment. The court reviewed the transcript from the April 11, 2005 hearing and denied the defendant's motion to open. Specifically, the court ruled that "the motion to open the judgment and set aside the orders of May 9 is denied. The court, pursuant to *Northeast Savings,* [*F.A.*] v. *Hopkins,* 22 Conn. App. 396, [578 A.2d 136 (1990)] doesn't have jurisdiction because the sale was approved prior to the filing of the motion." Following the hearing on June 14, 2005, the court, pursuant to General Statutes §§ 49-22[6] and 49-

---

[5] At a subsequent June 14, 2005 hearing, the committee indicated that it did not receive notice of the defendant's May 31 motion and had no knowledge of the motion prior to the closing on June 3, 2005.

[6] General Statutes § 49-22 (a) provides in relevant part: "In any action brought for the foreclosure of a mortgage or lien upon land, or for any equitable relief in relation to land, the plaintiff may, in his complaint, demand possession of the land, and the court may, if it renders judgment in his favor

26,[7] issued an execution of ejectment commanding the ejection of the defendant from the subject property.[8] This appeal followed.

I

The dispositive issue on appeal is whether the court improperly concluded that it lacked subject matter jurisdiction to hear the defendant's motion to open and set aside the court's orders of May 9, 2005, approving the foreclosure sale of the subject property, because the motion was filed after the approval of the sale.[9] We agree with the defendant that the proceedings to

and finds that he is entitled to the possession of the land, issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land and to put in possession thereof the plaintiff or the party to the foreclosure entitled to the possession by the provisions of the decree of said court . . . ."

[7] General Statutes § 49-26 provides: "When a sale has been made pursuant to a judgment therefor and ratified by the court, a conveyance of the property sold shall be executed by the person appointed to make the sale, which conveyance shall vest in the purchaser the same estate that would have vested in the mortgagee or lienholder if the mortgage or lien had been foreclosed by strict foreclosure, and to this extent such conveyance shall be valid against all parties to the cause and their privies, but against no other persons. The court, at the time of or after ratification of the sale, may order possession of the property sold to be delivered to the purchaser and may issue an execution of ejectment after the time for appeal of the ratification of the sale has expired."

[8] As indicated by the plaintiff's counsel at the time of oral argument before this court, the successful bidder has been unable to take possession of the subject property pending this appeal.

[9] The plaintiff argues that this court should not review the defendant's claims because the defendant has failed to provide us with either a written memorandum of decision or a *signed* transcript of the court's oral decision. See Practice Book § 61-10; see, e.g., *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607–608, 710 A.2d 190 (1998). This court has before it, however, an unsigned transcript from the June 14, 2005 hearing, which is on file in the appellate clerk's office, that adequately reveals the basis of the court's decision. As such, we choose to review the claims raised by the defendant. See *Connecticut Light & Power Co.* v. *Gilmore*, 89 Conn. App. 164, 171 n.9, 875 A.2d 546, cert. denied, 275 Conn. 906, 882 A.2d 681 (2005).

enforce the court's May 9, 2005 orders were automatically stayed when the defendant filed his motion to open and set aside on May 31, 2005, pursuant to Practice Book §§ 63-1[10] and 61-11.[11] Therefore, the court improperly concluded that it did not have jurisdiction to hear the defendant's motion on June 14, 2005.[12]

Because the principal issue on appeal concerns questions of law, namely, subject matter jurisdiction and the scope of the appellate stay provisions in the rules of practice, our review is plenary. See *Commissioner of Transportation* v. *Rocky Mountain, LLC*, 277 Conn. 696, 703, 894 A.2d 259 (2006) (our Supreme Court has "long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, [its] review is plenary" [internal quotation marks omitted]); *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 269, 865 A.2d 488 ("[w]e are required to interpret the scope of [the] rules of practice; accordingly, we are presented with a question of law over which our review is plenary"), cert. denied, 273 Conn. 916, 871 A.2d 372 (2005);

---

[10] Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty-day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . .

"Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment . . . ."

[11] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

[12] In addition to the jurisdictional issue, the plaintiff argues that the court properly ruled that the defendant's motion to open the court's approval of the sale was fatal on its merits. Because the court's denial of the defendant's motion was based exclusively on jurisdictional grounds, however, our reversal is strictly limited to that claim. Whether the defendant's motion is without merit is a question for the trial court to decide on remand.

*Continental Capital Corp.* v. *Lazarte*, 57 Conn. App. 271, 273, 749 A.2d 646 (2000) ("[w]hen the court draws conclusions of law, our review is plenary and we must decide whether those conclusions are legally and logically correct").

In a foreclosure by sale, a mortgagor may exercise his rights of redemption "until such time as the judicial authority approves the foreclosure sale. *The [judicial] sale is not absolute until confirmed.* The order of confirmation gives the judicial sanction of the court, and when made it relates back to the time of the sale . . . ." (Emphasis in original; internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 742, 699 A.2d 73 (1997); see also *Willow Funding Co., L.P.* v. *Grencom Associates*, 63 Conn. App. 832, 837–38, 779 A.2d 174 (2001) ("[r]ights to redemption . . . survive the auction of the foreclosed property and may be exercised until such time as the judicial authority approves the foreclosure sale" [internal quotation marks omitted]); *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 13 Conn. App. 239, 247, 536 A.2d 962 ("[u]nder Connecticut law, a judicial sale becomes complete and creates a legal right to obligations among parties when it is confirmed and ratified by the court"), cert. denied, 207 Conn. 805, 540 A.2d 373 (1988). Generally, once a court has approved the foreclosure sale and the applicable appeal period has elapsed, the mortgagor's right of redemption is extinguished and the court's jurisdiction to modify that judgment ends. See D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 9.01B, p. 203 ("[a]bsent the possibility of an appeal from [the court's] determination, the approval of the sale generally operates to divest the owner of his equity of redemption and consequently places the property beyond the power of the court"). Accordingly, after the sale is approved and the relevant appeal periods have expired, any action by the mortgagor to

redeem should be dismissed as moot. See, e.g., *Connecticut Savings Bank* v. *Howes*, 9 Conn. App. 446, 447–48, 519 A.2d 1216 (1987).

Thus, an order approving the foreclosure sale is a final order because it operates to cut off the owner's right of redemption. See *Willow Funding Co., L.P.* v. *Grencom Associates*, supra, 63 Conn. App. 837–38. As such, the approval of the sale is an appealable issue. Id., 838. The right to appeal this issue is expressly recognized by General Statutes § 49-26, which provides in relevant part that "[t]he court, at the time of or after ratification of the sale, may order possession of the property sold to be delivered to the purchaser and may issue an execution of ejectment *after the time for appeal of the ratification of the sale has expired.*" (Emphasis added.)

Although the order approving the sale is a final order subject to appeal, a party also may, during the appeal period, seek to open or set aside that judgment. See Practice Book § 63-1. There are two time restrictions for filing a motion to open or set aside a judgment ratifying a sale entered pursuant to General Statutes § 49-26. First, the motion must be filed within the four month period from the date the decision was entered. See General Statutes § 52-212a;[13] Practice Book § 17-4.[14] Second, the motion must be filed within the applicable appeal period. See Practice Book § 63-1.

[13] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[14] Practice Book § 17-4 (a) provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . ."

"If a motion to [open a] judgment is filed during the appeal period, the time for filing the appeal then commences from the issuance of notice of the decision on the motion . . . . This rule can have profound effects on a foreclosure decree, since Practice Book § 61-11 stays proceedings to enforce or carry out the [judgment until] the time to take an appeal has expired. Thus . . . *a sale cannot take place, if a motion to [open] was filed during the appeal period but has yet to be ruled upon . . . and any title derived through such stayed proceedings would be subject to defeasance.*" (Emphasis added; internal quotation marks omitted.) D. Caron & G. Milne, supra, § 17.06, p. 395; see *Hartford National Bank & Trust Co.* v. *Tucker*, 181 Conn. 296, 298, 435 A.2d 350 (public sale of property ordered while proceedings were stayed was of no force and effect), cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980).

Thus, in a foreclosure by sale, although the right of redemption is extinguished upon the court's approval of the foreclosure sale, a motion to open a judgment approving that sale, properly filed within the appeal period, acts as a stay of the proceedings to enforce or carry out the judgment. The mortgagor's right of redemption, therefore, survives the appeal period to the extent that the order may not be enforced until the appeal period has elapsed. To rule otherwise would take away a mortgagor's right to effectively appeal from the judgment approving the sale.

By way of analogy, a court's approval of the sale in a foreclosure by sale is like the running of law days in a strict foreclosure matter in that it serves as the operative act which extinguishes the mortgagor's right of redemption and can deprive the court of subject matter jurisdiction to open or set aside that judgment when such a motion is filed *outside of the appeal period.* Compare *Connecticut Savings Bank* v. *Howes*, supra,

9 Conn. App. 447–48 (dismissing appeal of foreclosure by sale as moot where stay of execution pending appeal was lifted and title was transferred to plaintiff) with *First National Bank of Chicago* v. *Luecken,* 66 Conn. App. 606, 614, 785 A.2d 1148 (2001) (dismissing appeal as moot where defendant sought to open judgment of strict foreclosure after close of business on final law day), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002). Conversely, this court has determined in strict foreclosure matters that law days are ineffective while the appeal period is pending and that a motion to open a judgment properly filed *within the appeal period* is not moot. See *Continental Capital Corp.* v. *Lazarte,* supra, 57 Conn. App. 273–74 ("[l]aw days are ineffective while the appeal period is pending"); see also *Brooklyn Savings Bank* v. *Frimberger,* 29 Conn. App. 628, 632, 617 A.2d 462 (1992) ("[i]n the present case, the automatic stay has not been terminated and, therefore, the defendant's appeal is not moot").

In *Continental Capital Corp.* v. *Lazarte,* supra, 57 Conn. App. 272–73, the trial court set law days within the appeal period, thereby depriving the plaintiff of the full twenty day period to appeal pursuant to Practice Book § 63-1. The defendant filed a motion to open the judgment of strict foreclosure on the ground that she had been defaulted improperly. The court denied her motion as untimely because it was filed after the law days had passed. In reversing the judgment of the trial court, we explained that "[a] party may not effectively be deprived of the right to appeal within the twenty days by having the law day pass within that time, thereby causing a loss of the right of redemption. The defendant's motion, therefore, cannot be deemed to be untimely filed under these circumstances; she must be afforded due process in the form of a hearing and a determination on the merits of her motion to open." Id., 274.

In the present case, although the matter before the court involves a foreclosure by sale, the same principles must apply if the motion to open or set aside the approval of the sale was properly filed *within the appeal period.* Here, the defendant's May 31, 2005 motion to open and set aside the court's May 9, 2005 order approving the sale falls within the ambit of the automatic stay provision set forth in Practice Book § 63-1 (c) (1).[15] Further, it is undisputed that the defendant's May 31 motion to open was filed within the twenty day period from the court's May 9 order approving the committee sale.[16] Therefore, the defendant's motion was filed properly within the appeal period, and this triggered the automatic stay provision, thereby staying the enforcement of the court's orders of May 9, 2005.

The plaintiff argues that the mere filing of such a motion would not trigger a new appeal period; rather, a new appeal period is triggered only by the court's decision on that motion. See *Brooklyn Savings Bank* v. *Frimberger,* supra, 29 Conn. App. 631. This legal proposition, however, is inapplicable to the present case because it is "limited to a motion made *after the expiration of the time to appeal* . . . ." (Emphasis added.) *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 349, 579 A.2d 1054 (1990). Thus, the proper *filing* of a timely motion to open the judgment triggers the automatic stay provision and, as such, "any title derived through such stayed proceedings would be subject to defeasance." (Internal quotation marks omitted.) Id.

---

[15] Practice Book § 63-1 (c) (1) provides in relevant part: "Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment . . . ."

[16] Although the motion, which was filed on Tuesday, May 31, 2005, was technically twenty-three days beyond the court's May 9 orders, the twentieth day fell on Saturday, May 28, 2005, and Monday, May 30, was a holiday. The motion was therefore timely.

Accordingly, the court's reliance on *Northeast Savings, F.A.* v. *Hopkins*, supra, 22 Conn. App. 399 n.3,[17] in its determination that it did not have jurisdiction to hear the merits of the defendant's motion because the sale was approved prior to the filing of the defendant's motion to open, was improper. The defendant's motion to open and set aside the court's May 9, 2005 orders, having been timely filed, was not moot. To hold otherwise would circumvent the automatic stay provisions established by our rules of practice.

Thus, we find that the court improperly concluded that it lacked subject matter jurisdiction to hear the defendant's motion to open and set aside the court's May 9, 2005 orders approving the committee sale because the proceedings to enforce the court's orders were stayed when the defendant timely filed his motion to open and set aside that judgment on May 31, 2005.

## II

The defendant next claims that the court improperly issued an execution of ejectment after denying his motion to open on June 14, 2005. In relevant part, General Statutes § 49-26 provides that the court "may issue an execution of ejectment *after the time for appeal of the ratification of the sale has expired.*" (Emphasis added.) Because we find that the appeal period had not expired when the defendant filed his motion to open and set aside the approval of the sale on May 31, 2005, the proceedings are stayed pending the trial court's ruling on the defendant's motion to open and the subsequent appeal period. See Practice Book § 63-1. We find that the court's issuance of the execution of ejectment

---

[17] See *Northeast Savings, F.A.* v. *Hopkins*, supra, 22 Conn. App. 399 n.3 ("[t]his motion was timely filed because it was filed within the four month restriction for opening judgments as set forth in General Statutes § 52-212a, and the court had jurisdiction because the motion was filed before absolute title left the property owner, *which in this case means before the committee sale was approved*" [emphasis added]).

on June 14, 2005, therefore, was premature and violative of § 49-26.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.