WELLS FARGO BANK OF MINNESOTA, N.A.,
TRUSTEE *v.* HERBERT C. MORGAN ET AL.
(AC 28513)

Gruendel, Lavine and Stoughton, Js.

Argued January 7—officially released February 19, 2008

*Brian E. Lambeck*, for the appellant (named defendant).

*Martha Croog*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. Almost half a century ago, our Supreme Court stated that "[w]e are handicapped in our consideration of the case . . . and we are precluded from a review on the merits by the defective way in which the appeal record was prepared." *Vigue* v. *John Hancock Mutual Life Ins. Co.*, 147 Conn. 305, 305, 160 A.2d 484 (1960). We share that sentiment in the present appeal.

This foreclosure action returns to our court a second time. See *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 909 A.2d 526 (2006). The defendant Herbert C. Morgan,[1] following a judgment of foreclosure by sale, appeals from the judgment of the trial court denying both his motion to open and set aside the May 9, 2005 orders accepting the report of the committee of sale and his "motion for revocation of committee deed and restoration of title." He claims that the court abused its discretion by (1) denying his motion for revocation and restoration and (2) confirming the sale. Because the record before us is inadequate,

---

[1] Although several subsequent encumbrancers also were named as defendants in this action, they are not parties to this appeal. We therefore refer to Morgan as the defendant.

we decline review and, accordingly, affirm the judgment of the trial court.

The relevant facts are not in dispute. On November 3, 2004, the plaintiff, Wells Fargo Bank of Minnesota, N.A., Trustee, commenced a mortgage foreclosure action against the defendant on the subject property located in Danbury. After the defendant was defaulted for failing to appear in a timely manner, the court on January 10, 2005, issued an order rendering a judgment of foreclosure by sale. The court set a sale date of March 5, 2005, ordered the appointment of a committee to make the sale and issued further orders in accordance with General Statutes § 49-25. On March 5, 2005, the committee held an auction to sell the subject property. Upon conclusion of the auction, the committee executed a bond for deed with the successful bidder and collected the deposit requirement from this purchaser in the form of a bank check in the amount of $25,500. The committee then deposited the bank check with the Danbury Superior Court. On May 9, 2005, the court entered an order that, inter alia, approved the committee sale. The court also entered an order requiring the defendant to vacate the subject property on or before the date set by the committee for the closing of title and to deliver possession to the purchaser at that time.

On May 31, 2005, the defendant filed a motion to open the judgment and set aside the orders of May 9, 2005. On June 3, 2005, prior to any court action on the defendant's motion, the committee conducted a closing on the subject property. On June 14, 2005, the parties appeared for a hearing on the motion to open, at the conclusion of which the court concluded that "the motion to open the judgment and set aside the orders of May 9 is denied. The court . . . doesn't have jurisdiction because the sale was approved prior to the filing

of the motion." From that judgment, the defendant appealed to this court.

On appeal, the precise question before the court was a jurisdictional one. Specifically, we defined the issue presented as "whether the court improperly concluded that it lacked subject matter jurisdiction to hear the defendant's motion to open and set aside the court's orders of May 9, 2005, approving the foreclosure sale of the subject property, because the motion was filed after the approval of the sale." *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, supra, 98 Conn. App. 77. We concluded that "the proceedings to enforce the court's May 9, 2005 orders were automatically stayed when the defendant filed his motion to open and set aside on May 31, 2005, pursuant to Practice Book §§ 63-1 and 61-11." *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, supra, 77–78. As a result, we held that "the court improperly concluded that it lacked subject matter jurisdiction to hear the defendant's motion to open and set aside the court's May 9, 2005 orders . . . ." Id., 84. Accordingly, the judgment was reversed, and the case was remanded to the trial court for further proceedings.[2]

Thereafter, the parties returned to the trial court to argue the merits of the defendant's May 31, 2005 motion to open. In addition, the defendant filed a "motion for revocation of committee deed and restoration of title." It stated: "Consistent with the appellate decision released on October 17, 2006, [the] defendant objects to [the] plaintiff's motion to compel dated November 8, 2006 and moves to vacate confirmation of the sale

[2] Leaving no doubt as to the basis for reversal, this court stated: "Because the court's denial of the defendant's motion [to open] was based exclusively on jurisdictional grounds . . . our reversal is strictly limited to that claim. Whether the defendant's motion is without merit is a question for the trial court to decide on remand." *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, supra, 98 Conn. App. 78 n.12.

and revoke the committee deed filed on the Danbury land records which deed the decision renders a legal nullity, in order that title be restored in the defendant so that he may be able to proceed to refinance the subject mortgage and exercise his right of redemption according to the [G]eneral [S]tatutes." He did not provide an accompanying memorandum of law.

The court held a hearing on December 11, 2006, during which it heard testimony. At the conclusion thereof, the court issued an order denying the defendant's motions to open the judgment and to revoke the committee deed. The order further provided that "[t]he committee shall reexecute a new original committee deed to be filed on the land records" and that "the committee's motion for possession dated March 7, 2005 . . . is granted."[3] The defendant filed a motion for reargument and clarification, which the court denied, and this appeal followed.

On appeal, the defendant does not challenge the denial of his motion to open. Rather, he claims that the court abused its discretion by confirming the sale and by denying his motion for revocation and restoration. The record before us is inadequate to review those claims.

It is the responsibility of the appellant to provide this court with an adequate record for review. See Practice Book § 61-10. Without an adequate record, we are left to speculation and conjecture; *Gelormino* v. *Liberman*, 36 Conn. App. 153, 154, 649 A.2d 259, cert. denied, 231 Conn. 946, 653 A.2d 826 (1994); which "have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). The record in the present case does not contain a written memorandum of decision or a signed transcript of an oral decision

---

[3] The court also approved the committee's updated affidavit of fees and awarded the plaintiff $500 in additional attorney's fees.

by the trial court.[4] Despite that infirmity, the defendant did not attempt to obtain a statement of the court's reasoning pursuant to Practice Book § 64-1 (b).[5] Moreover, the defendant did not request an articulation of the court's judgment, as permitted by Practice Book § 66-5. "[A]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated, is unclear. . . . The purpose of an articulation is to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Citations omitted; internal quotation marks omitted.) *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 283, 860 A.2d 779 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005).

The defendant has failed to meet his burden of providing this court with an adequate record for review. He has provided us with neither a memorandum of decision nor an articulation from the trial court providing the legal and factual bases of its decision. Without a sufficient record, we cannot engage in meaningful review of the court's decision. See *Bebry* v. *Zanauskas*, 81 Conn. App. 586, 594, 841 A.2d 282 (2004).

The judgment is affirmed.

---

[4] The defendant did not file a complete transcript of the December 11, 2006 hearing with this court.

[5] Practice Book § 64-1 (b) provides in relevant part that "[i]f the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision . . . the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with subsection (a). . . ." Section 64-1 (b) establishes the procedure to be followed by an appellant in the event that the trial court fails to comply with Practice Book § 64-1 (a). *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998). An appellant who fails to utilize this procedure fails to ensure an adequate record for review. Id.