******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## U.S. BANK NATIONAL ASSOCIATION, TRUSTEE
## *v.* ISRAEL MELCON ET AL.
### (AC 47211)

Elgo, Moll and Seeley, Js.

*Syllabus*

The defendant property owners appealed from the trial court's denial of their second motion to open a judgment of strict foreclosure rendered for the plaintiff. The defendants had filed their first motion to open the judgment of strict foreclosure on the defendants' law day, which the court denied that same day without explanation. The defendants did not appeal from the denial of the first motion to open. The defendants claimed that the court incorrectly determined that it lacked subject matter jurisdiction to open the judgment of strict foreclosure on the ground that title already had vested in the plaintiff, thereby rendering the defendants' second motion to open moot. *Held*:

The trial court improperly denied the defendants' second motion to open, as, pursuant to the rule of practice ((2023) § 61-11 (a)) and relevant case law, vesting of title to the property could not occur during the twenty day appeal period after the denial of the first motion to open, and, because law days do not automatically reset after the conclusion of an appeal period in which no appeal is filed, the court retained subject matter jurisdiction over the motion because title had not yet vested in the plaintiff.

Argued January 15—officially released August 26, 2025

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of New Britain, where the named defendant et al. were defaulted for failure to plead; thereafter, the court, *Hon. Joseph M. Shortall*, judge trial referee, granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon; subsequently, the court, *Hon. Joseph M. Shortall*, judge trial referee, denied the motion to open the judgment filed by the named defendant et al., and the named defendant et al. appealed to this court. *Reversed*; *further proceedings*.

*John A. Sodipo*, for the appellants (named defendant et al.).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff).

*Opinion*

ELGO, J. In this foreclosure action, the defendants Israel Melcon and Antonia Melcon appeal from the judgment of the trial court denying their August 21, 2023 postjudgment motion to open the judgment of strict foreclosure in favor of the plaintiff, U.S. Bank National Association.[1] On appeal, the defendants claim that the court incorrectly determined that it lacked subject matter jurisdiction to open the judgment of strict foreclosure on the ground that title already had vested in the plaintiff, thereby rendering the defendants' motion to open moot.[2] We agree with the defendants and, accordingly, reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to resolving the defendants' claim. The plaintiff brought this foreclosure action against the defendants in January, 2020. The complaint alleged that the plaintiff, a successor in interest with respect to the mortgage of certain residential property in Rocky Hill

[1] HOP Energy, LLC, also was named as a defendant based on its judgment lien on the property, but did not appear in the foreclosure action and has not participated in this appeal. We refer to Israel Melcon and Antonia Melcon, who were self-represented through most of the underlying proceedings but who are now represented by counsel, as the defendants throughout this opinion. At all relevant times, U.S. Bank National Association has functioned as trustee and successor in interest to Bank of America, National Association, which was the trustee and successor by merger to LaSalle Bank National Association, the trustee for Morgan Stanley Mortgage Loan Trust 2007-8XS. For convenience, we refer to U.S. Bank National Association as the plaintiff throughout this opinion.

[2] On appeal, the defendants also claim that the court improperly denied their motion to reconsider its denial of the motion to open the judgment. In light of our conclusion that the court improperly denied the defendants' motion to open, we need not reach that issue.

owned by the defendants, had accelerated the note due to default. In 2021, a default judgment was entered against the defendants following their failure to plead.[3] On August 1, 2022, the court rendered a judgment of strict foreclosure with respect to the property and set a law day of August 29, 2022. On November 18, 2022, the plaintiff filed a claim for statutory stay, representing that the defendants had filed a bankruptcy petition on August 29, 2022, triggering a stay of the foreclosure proceedings, and that the stay had been lifted by the bankruptcy court in October, 2022.[4] On January 26, 2023, the plaintiff moved to reset the law days and reenter the judgment of strict foreclosure. The court granted the plaintiff's motion on April 3, 2023, rendered a new judgment of strict foreclosure, and set a new law day of May 1, 2023.

On April 24, 2023, pursuant to the standing orders of the court, the plaintiff filed a notice of reentry and modification of the judgment of strict foreclosure, asserting that the law day for the defendants was May 1, 2023, and that, if they did not redeem their interest in the property, title would vest with the plaintiff on May 3, 2023. On May 1, 2023, the defendants filed a motion to open the judgment and extend the law day (first motion to open).[5] In support of that motion, the defendants filed an affidavit that stated that, although

---

[3] From the inception of this foreclosure action until August, 2023, the defendants were self-represented. From August 18, 2023, through this appeal, the defendants have been represented by counsel.

[4] The defendants filed their bankruptcy petition on August 29, 2022, in the United States Bankruptcy Court for the District of Connecticut. Pursuant to 11 U.S.C. § 362, an automatic stay against the assets of the defendants—including the property in question in the present action—issued. The bankruptcy court issued an order granting relief from the automatic stay on October 19, 2022, thereby permitting the foreclosure action to proceed.

[5] The defendants simultaneously filed a motion for an expedited hearing on the motion to extend the law day, which also was denied that same day by the court.

they understood that they "no longer can stay in [their] home," they were attempting to orchestrate a sale of the property to "people in [their] circle . . . ." The defendants also pointed to their daughter's "severe anxiety" as an additional good cause to extend the law day as they "continue to rethink [their] future . . . ." The motion was denied the same day, without explanation by the court.[6]

On June 26, 2023, the plaintiff filed a motion for a deficiency judgment that contained a proposed order that stated, inter alia, that the court "finds that the mortgaged property was not redeemed and that title to said property vested in the plaintiff on May 3, 2023." On August 21, 2023, now represented by counsel, the defendants filed a second motion to open the judgment (second motion to open), which is the subject of this appeal. In that motion, the defendants argued that the court's denial of their first motion to open created a new twenty day appeal period, rendering the passing of the May 1, 2023 law day ineffective. The defendants argued that, as a result of these events, title never vested in the plaintiff.[7] The plaintiff objected to the second motion to open and argued, inter alia, that title had vested on May 3, 2023.[8]

---

[6] The court's order denying the motion to open the judgment stated that the defendants "need not vacate the premises until an execution of ejectment is obtained by the plaintiff."

[7] The parties mutually represent that the plaintiff recorded a certificate of foreclosure on the land records on May 24, 2023, and subsequently purported to sell the property to a third-party purchaser.

[8] The plaintiff argues on appeal that the court should have "dismissed the [second] motion to open as being moot" rather than having denied the motion, "based upon title already vesting and the trial court no longer having jurisdiction. See *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 569–70, 953 A.2d 868 (2008), and *Thompson Gardens West Condominium Assn., Inc.* v. *Masto*, 140 Conn. App. 271, 274, 59 A.3d 276 (2013)." Because we conclude that title did not vest and the court, therefore, retained jurisdiction, the plaintiff's observation that the motion should have been dismissed—if such jurisdiction was, in fact, lacking—is academic.

On September 18, 2023, the court denied the defendants' second motion to open. The court's order stated: "The court denied the defendants' [first] motion to open on May 1, 2023. The defendants are correct that the denial stayed the law day until the twenty day appeal period expired. Because the defendants took no appeal, no stay was in effect thereafter. By operation of law, the new law day was May 22, 2023. Title vested in the plaintiff on May 24, 2023. The court lacks authority to open the judgment thereafter. General Statutes § 49-15."[9] The defendants then filed a motion to reconsider and reargue, to which the plaintiff objected. In their motion, the defendants argued that the court had failed to consider "controlling law" when it denied the second motion to open. More specifically, the defendants argued that "there is no case law in this state" that supports the court's analysis that the appellate stay "somehow automatically caused the law day to reset by itself."

In its objection, the plaintiff argued, inter alia, that the court "clearly recognizes that the original law days did not commence on May 1, 2023, as argued by the defendants. The court's order, then, contemplates that law days are ineffective during an appeal period but, by common sense implication at least, the order goes on to articulate that the law days would recommence upon the expiration of the twenty day appeal period following the May 1, 2023 denial of the [first] motion to open. In this way, the court has applied the law and the defendants' reliance upon some misapplication of law is wholly inadequate to support reconsideration."

The court denied the defendants' motion to reargue and granted the motion to reconsider but declined to

---

[9] General Statutes § 49-15 (a) (1) provides in relevant part that no judgment of strict foreclosure "shall be opened after the title has become absolute in any encumbrancer . . . ."

"depart from that earlier ruling denying the defendants' [second motion to open]."[10] The defendants then timely filed their appeal from the court's denial of their second motion to open.[11]

Subsequently, this court, sua sponte, ordered the trial court to articulate "the factual and legal basis for its September 18, 2023 denial of the defendants' [second motion to open] wherein the court held that the law day was reset to May 22, 2023 '[b]y operation of law.' " On February 29, 2024, the court filed an articulation, in which it stated: "This court's denial of the defendants' motion to open on May 1, 2023, created an appellate stay of twenty days that expired on May 21, 2023. As a matter of law, therefore, no law day set within that period would be valid, and once the appellate stay expired, a new law day would be effective. Had the defendants taken an appeal from the court's denial, the appellate stay would have remained in effect. They failed to do so or to take any other action that might arguably have extended the appellate stay beyond May 21, 2023. While the court might have set a new law day when it denied the [first] motion to open, it was not required to do so. In the absence of such an order, the first law day, for the holder of the equity of redemption, was the first Monday after the expiration of the appellate stay, that is, May 22, 2023. The defendants and a

---

[10] The plaintiff's certificate of foreclosure was filed on May 24, 2023. That certificate of foreclosure stated that title had vested on May 3, 2023. In its appellate brief, the plaintiff states that this certificate of foreclosure "does not reference the correct date of vesting of title" and that the plaintiff "will have a corrected document recorded after the completion of this appeal." The plaintiff now asserts that title vested on May 24, 2023.

[11] Our Supreme Court has held that the denial of a motion to open is an appealable final judgment. See *Connecticut National Mortgage Co.* v. *Knudsen,* 323 Conn. 684, 687 n.8, 150 A.3d 675 (2016) ("[t]he denial of a motion to open a judgment of strict foreclosure is an appealable final judgment itself and distinctly appealable from the underlying judgment"); see also Practice Book §§ 61-11 and 63-1.

junior lienholder having failed to redeem, title vested in the plaintiff on May 24, 2023."[12]

On appeal, the defendants contend that the court improperly denied their second motion to open. According to the defendants, the court retained jurisdiction to hear their motion when no party moved to reset the law day following the expiration of the appellate stay.

In response, the plaintiff concedes that "[t]his denial by operation of law pursuant to Practice Book § 63-1 (a) created a new twenty day appeal period in which the May 1, 2023 law day could not run. Because the trial court did not set a new law day in its order, by operation of law, the law day was stayed for that twenty day appeal period before the law days once again could run."[13] The plaintiff correctly points out that the defendants have not cited any "standing order, statute, Practice Book section or case law that requires the trial court to reset law days after a denial of a motion to

---

[12] On April 9, 2024, the defendants filed a motion for further articulation, in which they sought clarification of the court's use of the term "operation of law," noting that the court had provided "no legal authority that would qualify as 'opeation of law.' " The defendants argued that there is no legal basis to assert that the law day automatically resets without court action and that the court did not so act by issuing any order or notice following the May 1, 2023 ruling. The court denied the defendants' motion for further articulation, and the defendants then filed in this court a motion for review of the trial court's denial of the motion for further articulation. We granted review but denied the relief requested.

[13] Practice Book § 63-1 (a) provides: "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. The appeal period may be extended if permitted by Section 66-1 (a). If circumstances give rise to a new appeal period as provided in subsection (c) of this rule, such new period may be similarly extended as long as no extension of the original appeal period was obtained. If a motion is filed within the appeal period that might give rise to a new appeal period as provided in subsection (c) of this rule, the appeal may be filed either in the original appeal period, which continues to run, or in the new appeal period. As used in this rule, 'appeal period' includes any extension of such period obtained pursuant to Section 66-1 (a)."

open a judgment of strict foreclosure." Conceding that courts "do periodically" and sua sponte order new law days, the plaintiff nonetheless argues that "this practice is not required under our rules of practice or any statutory authority" and is, instead, "simply a courtesy" and "within the [court's] discretion . . . ."

This case thus presents a question of first impression as to whether an appeal period automatically, by operation of law, extends a previously established law day without the court acting to set—and provide notice of— a new law day. "Because the principal issue on appeal concerns questions of law, namely, subject matter jurisdiction and the scope of the appellate stay provisions in the rules of practice, our review is plenary." (Internal quotation marks omitted.) *Lending Home Funding Corp.* v. *REI Holdings, LLC*, 214 Conn. App. 703, 710, 281 A.3d 1 (2022) (*Lending Home*). When a trial court "draws conclusions of law . . . we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Chamerda* v. *Opie*, 185 Conn. App. 627, 637–38, 197 A.3d 982, cert. denied, 330 Conn. 953, 197 A.3d 893 (2018); see also *In re Ava W.*, 336 Conn. 545, 553, 248 A.3d 675 (2020) ("[a] determination regarding a trial court's subject matter jurisdiction presents a question of law, and . . . we exercise plenary review" (internal quotation marks omitted)).[14]

---

[14] The plaintiff argues in its appellate brief that the applicable standard of review is the abuse of discretion standard. Under that standard, a court's granting or denial of a motion to open a judgment is afforded great latitude, and such an action by a trial court "will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 381, 260 A.3d 1187 (2021). Where a court, however, has determined, as a matter of law, that it lacks subject matter jurisdiction to hear a motion to open a judgment, as occurred in this case, our review of that legal determination is plenary. See *Pennymac Corp.* v. *Tarzia*, 215 Conn. App. 190, 200 n.8, 281 A.3d 469 (2022).

The following legal principles and rules of practice are relevant to the defendant's claim. "In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. . . . Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. . . . Accordingly, [if] a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the plaintiff, with a consequent and accompanying right to possession. . . . Thus, once the law day passes and title vests in the [plaintiff], no practical relief is available [p]rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . . In other words, § 49-15 (a) (1) . . . generally prohibits mortgagors from obtaining practical relief after the passage of the law days and, as a result, [renders] . . . postvesting motions to open a judgment . . . moot. . . . On the other hand, it is well established that law days that are set forth in a judgment of strict foreclosure can have no legal effect if an appellate stay is in effect because to give them legal effect would result in an extinguishment of the right of redemption pending appeal."[15] (Citations omitted; internal quotation

[15] Section 49-15 sets forth the conditions under which a party may move to open a judgment of strict foreclosure. As this court previously has explained, "§ 49-15 prescribes only four conditions for opening a judgment of strict foreclosure: (1) that the motion be in writing; (2) that the movant be a person having an interest in the property; (3) that the motion be acted upon before an encumbrancer has acquired title; and (4) that cause, obviously good cause, be shown for opening the judgment." (Internal quotation marks omitted.) *Connecticut Housing Finance Authority* v. *McCarthy*, 204 Conn.

marks omitted.) *Lending Home Funding Corp.* v. *REI Holdings, LLC*, supra, 214 Conn. 711–12; see also *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 375, 260 A.3d 1187 (2021) ("[i]n Connecticut, the passage of the law days in an action for strict foreclosure extinguishes a mortgagor's equitable right of redemption and vests absolute title in the encumbrancer"). "Law days in a strict foreclosure cannot run if a motion to open is filed during the appeal period but is yet to be ruled on. . . . Law days are ineffective while the appeal period is pending. To conclude otherwise would be tantamount to depriving a party of judicial review and, therefore, of due process of law." (Citations omitted.) *Continental Capital Corp.* v. *Lazarte*, 57 Conn. App. 271, 273–74, 749 A.2d 646 (2000). "Because of delays incident to the legal process of appeal, the judgment of the trial court [becomes] ineffective in an essential respect, and what is in effect a new judgment [becomes] necessary. . . . In other words, the law days are ineffective pending the stay because to treat them otherwise would carry out the judgment in violation of the stay." (Citation omitted; internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 683, 899 A.2d 586 (2006).

"[A] judgment of strict foreclosure may be opened only upon a finding that the court lacked jurisdiction over either the person or the case at the time the judgment of strict foreclosure was entered. Anything less would appear to be in direct contravention of the strictures of § 49-15 (a) and our subsequent case law." (Internal quotation marks omitted.) *Deutsche Bank National*

---

App. 330, 339, 253 A.3d 494 (2021). Further, "[i]n order to be entitled to an opening of a judgment pursuant to § 49-15, the movant bears the burden of establishing the existence of good cause. . . . [G]ood cause for opening a [judgment] pursuant to § 49-15 . . . cannot rest entirely upon a showing that the original foreclosure judgment was erroneous. Otherwise that statute would serve merely as a device for extending the time to appeal from the judgment." (Citation omitted; internal quotation marks omitted.) Id., 340.

*Trust Co.* v. *Pardo*, 170 Conn. App. 642, 652, 155 A.3d 764, cert. denied, 325 Conn. 912, 159 A.3d 231 (2017).[16]

No less importantly, we must keep in mind that "[t]he law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. . . . Because foreclosure is peculiarly an equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done. . . . In exercising its equitable discretion, however, the court must comply with mandatory statutory provisions that limit the remedies available to a foreclosing mortgagee. . . . It is our adjudicatory responsibility to find the appropriate accommodation between applicable judicial and statutory principles. Just as the legislature is presumed to enact legislation that renders the body of the law coherent and consistent, rather than contradictory and inconsistent . . . [so] courts must discharge their responsibility, in case by case adjudication, to assure that the body of the law—both common and statutory—remains coherent and consistent." (Internal quotation marks

---

[16] In *Deutsche Bank National Trust Co.* v. *Pardo*, supra, 170 Conn. App. 642, the court had set a law day of May 19, 2015. Id., 645. The defendant filed a motion to open the judgment on May 12, prior to the law day, but the motion was not heard until May 26—after the law day had passed, and without any record of the defendant requesting a hearing on the motion to open prior to the law day. Id., 652–53. As we noted then, "[a] critical factor to be recognized in connection with a motion to reopen a judgment of strict foreclosure is that the motion must be heard, and not merely filed, prior to the vesting of title. . . . [W]e have not found any basis in the law for the proposition that a mere *challenge* to jurisdiction tolls the running of the law days." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) Id. Crucially, in *Pardo*, the appeal period had passed but the law day had not when the motion to open was filed. Id., 645. The reason that such a motion must be heard in order to toll the passing of the law day is that any denial of such a motion opens a new appeal period. See Practice Book § 63-1 (a); *Continental Capital Corp.* v. *Lazarte*, supra, 57 Conn. App. 273 ("[l]aw days in a strict foreclosure cannot run if a motion to open is filed during the appeal period but is yet to be ruled on").

omitted.) *Seminole Realty, LLC* v. *Sekretaev*, 192 Conn. App. 405, 416, 218 A.3d 198, cert. denied, 334 Conn. 905, 220 A.3d 35 (2019).

Several rules of practice are relevant to this claim, including Practice Book (2023) § 61-11 (a), which allows for an automatic stay of execution in noncriminal cases,[17] and Practice Book (2023) § 61-11 (g), which governs the operation of an appellate stay within the strict foreclosure context.[18] These provisions, however,

[17] Practice Book (2023) § 61-11 (a) provides: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut Supreme Court), and Section 71-7 (petitions for certiorari by the United States Supreme Court)." This language was changed in 2025. See Practice Book § 61-11 (a). Relatedly, Practice Book (2023) § 63-1 (c) (1) provides in relevant part that a new appeal period is created under certain conditions: "If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion  . . . ."

[18] Practice Book (2023) § 61-11 (g) provides: "Strict foreclosure—motion rendering ineffective a judgment of strict foreclosure. In any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion. Such affidavit shall recite the specific facts relied on in support of the moving party's claim of good cause. If, notwithstanding the submission of such an affidavit of good cause, the plaintiff contends that there is no good cause to stay the court's judgment of strict foreclosure pending resolution of the appeal, the plaintiff may seek termination of the automatic stay by filing a motion requesting such relief accompanied by an affidavit stating the basis for the plaintiff's claim. In the event such a motion to terminate stay is filed, it shall be set down for argument and the taking of evidence, if necessary, on the second short calendar next following the filing of the motion. There shall be no automatic appellate stay in the event that the court grants the motion to terminate the stay and, if necessary, sets new law dates. There shall

do not address directly whether the expiration of an appellate stay automatically operates to extend a law day that has been previously set by the court.

In *Lending Home Funding Corp.* v. *REI Holdings, LLC*, supra, 214 Conn. App. 703, this court considered a similar set of circumstances, wherein the trial court had concluded that it lacked subject matter jurisdiction to hear a motion to open and vacate a judgment of strict foreclosure due to the vesting of title resulting from the passing of the law day. Id., 707–709. We concluded that when the law day "passed during the appellate stay period [it] could not have had the legal effect of vesting absolute title in the plaintiff. . . . Accordingly, the court's determination that it did not have jurisdiction to hear the merits of the defendant's . . . motion to open the judgment of strict foreclosure was improper. To hold otherwise would circumvent the automatic stay provisions established by our rules of practice." (Citations omitted; internal quotation marks omitted.) Id., 719–20.

Additional procedural history and analysis of the *Lending Home* decision is helpful for resolving the defendants' claim. In *Lending Home*, the court denied the debtor's motion to open and also assigned a new law day. Id., 706. Prior to that law day, the debtor filed a motion to reargue the motion to open. Id. After the passing of the law day, the court denied the motion to reargue and sent notice to the parties. Id., 706–707. Twelve days later, the foreclosing party filed a certificate of foreclosure on the appropriate land records and also executed a quitclaim deed purporting to transfer the property. Id., 707. Months later, the debtor filed another motion to open, arguing that title never vested in the foreclosing party and that the purported transfer

be no automatic stay pending a motion for review of an order terminating a stay under this subsection."

was therefore never effective. Id. The debtor claimed that, because it had filed the motion to reargue within the twenty day appeal period established by our rules of practice, the law day "had no legal effect . . . ." Id., 708. In essence, the debtor argued that there was good cause to open the judgment—due to both the court's failure to "sua sponte reassign a legally effective law day," as well as the plaintiff's "failure to move the court to set a new law day outside the appeal period . . . ." (Internal quotation marks omitted.) Id. The court denied the debtor's motion on the ground that it was without subject matter jurisdiction to hear the motion. Id., 709.

On appeal, this court interpreted Practice Book §§ 61-11 (a) and 63-1, as well as our Supreme Court's previous authority, to conclude that the filing of the motion to reargue extended the appellate stay period until the point in time at which "the parties received notice of the court's ruling on that motion." Id., 710. We held that, because the law day fell within the extended appellate stay period, "it had no legal effect and could not vest absolute title" in the foreclosing party. Id.; see also *Continental Capital Corp.* v. *Lazarte*, supra, 57 Conn. App. 273 ("[l]aw days in a strict foreclosure cannot run if a motion to open is filed during the appeal period but is yet to be ruled on").[19]

---

[19] We have also held that, when a party files a motion to open a judgment of strict foreclosure *outside* of the appeal period, no automatic stay is in place. See *First National Bank of Chicago* v. *Luecken*, 66 Conn. App. 606, 608, 785 A.2d 1148 (2001), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002). The rule in foreclosure by sale situations functions similarly: "[I]n a foreclosure by sale, although the right of redemption is extinguished upon the court's approval of the foreclosure sale, a motion to open a judgment approving that sale, properly filed within the appeal period, acts as a stay of the proceedings to enforce or carry out the judgment. The mortgagor's right of redemption, therefore, survives the appeal period to the extent that the order may not be enforced until the appeal period has elapsed. To rule otherwise would take away a mortgagor's right to effectively appeal from the judgment approving the sale. By way of analogy, a court's approval of the sale in a foreclosure by sale is like the running of law days in a strict foreclosure matter in that it serves as the operative act which extinguishes the mortgagor's right of redemption and can deprive the court of subject

The defendants argue that *Lending Home*, if not dispositive of the present case, is highly instructive. According to the defendants, the plaintiff's contention that the law days automatically reset upon a denial of a motion that opens a new appeal window is incompatible with our conclusion in *Lending Home*. Put differently, if the plaintiff is correct that the law day resets after an appeal period ends, then the trial court in *Lending Home* would have lacked jurisdiction to consider a motion to open, filed months after notice to the parties of the court's denial of the motion to reargue the motion to open. As the defendants argue, underlying the holding in *Lending Home* is the presumption that the law days do *not* reset automatically: "If it is true [as the plaintiff contends] that law days automatically reset by themselves after the expiration of the appeal period, then, arguably, the law days would have been extended automatically in the *Lending Home* case to take effect twenty-one days after the [ruling on the motion]."

We note that the setting of law days is not merely incidental to a judgment of strict foreclosure. "In a foreclosure action, the judgment must either find the issues for the defendant or determine the amount of the debt, direct a foreclosure and fix the law days." *Morici* v. *Jarvie*, 137 Conn. 97, 103, 75 A.2d 47 (1950). In a strict foreclosure, then, the fixing of law days is an essential part of the judgment. Our Supreme Court, for instance, determined that it was improper for the trial court to open the judgment during the pendency of an appellate stay merely to change the law days. See *RAL Management, Inc.* v. *Valley View Associates*, supra, 278 Conn. 682.

Relying on *RAL Management, Inc.*, the defendants argue that "the [court] cannot leave the judgment of

matter jurisdiction to open or set aside that judgment when such a motion is filed outside of the appeal period." (Emphasis omitted.) *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 81, 909 A.2d 526 (2006).

foreclosure with ineffective law days in abeyance. At minimum, a new judgment is required." See *RAL Management, Inc.* v. *Valley View Associates*, supra, 278 Conn. 683 ("[b]ecause of delays incident to the legal process of appeal, the judgment of the trial court [becomes] ineffective in an essential respect, and what is in effect a new judgment [becomes] necessary" (internal quotation marks omitted)). As our Supreme Court has observed, "the law days are ineffective pending the stay because to treat them otherwise would carry out the judgment in violation of the stay. It necessarily follows, therefore, that if the law days have no legal effect and necessarily will lapse pending the appeal; see *Farmers & Mechanics Savings Bank* v. *Sullivan*, [216 Conn. 341, 348, 579 A.2d 1054 (1990)]; any change to those dates pending appeal similarly have no effect. Indeed, the rules of practice anticipate such a circumstance by providing specific authority for the trial court to set new law days if the court's judgment is affirmed on appeal. See Practice Book § 17-10."[20] (Footnote omitted.) *RAL Management, Inc.* v. *Valley View Associates*, supra, 683–84.

Although the plaintiff acknowledges that vesting cannot occur during the appeal period, it contends that *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 341, stands for the proposition that only when an appeal is *filed* during the appeal period does the judgment become ineffective. In other words, according to the plaintiff, the law day must be reset only when an appeal is timely filed. According to this logic, after

---

[20] We note that Practice Book § 17-10 provides: "If a judgment fixing a set time for the performance of an act is affirmed on appeal by the Supreme Court and such time has elapsed pending the appeal, the judicial authority which rendered the judgment appealed from may, on motion and after due notice, modify it by extending the time." Although there is an important distinction between an appeal period in which no appeal has been filed and an appellate ruling that affirms a judgment after a time that had been fixed by the judgment has lapsed, this rule highlights the importance of due notice.

the appeal period had lapsed—without an appeal having been filed by the defendants subsequent to the court's denial of their first motion to open—"the law days started to run pursuant to operation of law." We are not persuaded.

In *Sullivan*, the trial court had rendered a judgment of strict foreclosure against a nonappearing, defaulted debtor and had set law days of February 29 through March 4, 1988. See *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 344. On February 8, a lienholder filed a motion to open and modify the judgment of strict foreclosure, which was not heard until after the passing of the law days. Id. On the final law day, the junior lienholder redeemed its interest in the property. Id.

Thereafter, the defaulted debtor filed an appearance and a motion to open the judgment and to set new law days. Id., 344–45. Following the court's denial of all pending motions, the defaulted debtor appealed from the denial of its motion to open. Id., 345. On appeal, our Supreme Court concluded that "the trial court should have granted the [defaulted debtor's] motion to open the judgment of strict foreclosure and remand[ed] the case with direction to open the judgment and to order a foreclosure by sale." Id. The court relied, in part, on the fact that the lienholder, by filing a motion to open within the appeal period of the judgment, had rendered the law day ineffective. As the court stated, the effect of the filing of the lienholder's motion to open was "to stay the enforceability of the foreclosure judgment" until the motion was decided. Id., 347. In other words, even though it was not the lienholder who filed the appeal, it was the lienholder's motion to open, filed within the appeal period, that rendered ineffective the law days. Contrary to the plaintiff's contention in the present case, *Sullivan* supports our conclusion that a law day must be reset once it is rendered ineffective

by an appellate stay. *Sullivan* also underscores the obvious point that notice of the law day protects not only the debtor but subsequent lienholders.

To be clear, neither this court nor our Supreme Court has held that law days reset automatically.[21] As we have explained previously in this opinion, the law day in a strict foreclosure action is predicated on the right of redemption, which, in the absence of notice, would be eviscerated. It is well established that "law days that are set forth in a judgment of strict foreclosure can have no legal effect if an appellate stay is in effect because to [do so] would result in an extinguishment of the right of redemption pending appeal." *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 91 n.11, 172 A.3d 1263 (2017). We cannot endorse any result that permits a law day to pass silently. "Law days are ineffective while the appeal period is pending. To conclude otherwise would be tantamount to depriving a party of judicial review and, therefore, of due process of law." *Continental Capital Corp.* v. *Lazarte*, supra, 57 Conn. App. 273–74; see also *U.S. Bank National Assn.* v. *Rago*, 216 Conn. App. 200, 206, 284 A.3d 629 (2022) (holding that "the court erred in making updated findings sua sponte and without providing to the parties adequate notice and an opportunity to be heard").

On the facts of this case, as well as our review of the relevant statutes, rules of practice, applicable case law, and the principles of equity that undergird the foregoing, we conclude that law days do not automatically reset after the conclusion of an appeal period in which no appeal is filed. Here, the self-represented defendants, upon receiving notice that the court had denied their motion to open on May 1, 2023, nonetheless had no notice from the court as to whether or how this

---

[21] We observe that the Rules Committee of the Superior Court remains free to amend the text of the relevant rules as it deems appropriate.

would impact their law day and right of redemption. The court's subsequent articulation of its order does not clarify the situation—stating only that the court "might" have changed the law day. Moreover, the record reflects that the plaintiff also was confused as to when title had vested—a confusion that lingers through the present appeal.[22] In order to fulfill its equitable purpose, a law day cannot pass silently, without all parties having proper notice. Our system of laws simply cannot countenance such a result.

We conclude that the court retained subject matter jurisdiction because title did not vest in the plaintiff on May 24, 2023. For that reason, the court improperly denied the motion to open on that basis.

The judgment is reversed and the case is remanded for the purpose of making a new finding as to the amount of the debt, for the setting of new law days, and for other proceedings according to law.

In this opinion the other judges concurred.

--------

[22] The plaintiff's actions suggest that it lacked clarity as to whether title had vested on May 3, 2023, as the plaintiff averred in its objection to the defendants' second motion to open, in its motion for a deficiency judgment and on the certificate of foreclosure, or on May 24, 2023, as the plaintiff claims on appeal in light of the court's February 29, 2024 articulation. See footnote 10 of this opinion.